IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUN 13 PM 3:06
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

WILLIAM FARQUHAR,
         Plaintiff,

-vs-

TEXAS ALCOHOLIC BEVERAGE COMMISSION, ALAN STEEN in his former position as administrator, JAMES DEBROW in his former position as acting captain of the Houston district, and MARC DECATUR,
         Defendants.

Case No. A-12-CA-1042-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Texas Alcoholic Beverage Commission (TABC)'s Partial Motion to Dismiss [#40], to which Plaintiff William Farquhar has not responded; and Defendants TABC, James Debrow, and Marc Decatur's Motion for Summary Judgment [#42], to which Farquhar has not responded.[1] Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motions.

### Background

Plaintiff William Farquhar worked on and off for TABC between 1975 and his initial retirement in 2001. Farquhar served in a number of roles throughout his career, but retired as an "Agent V." In 2003, Farquhar rejoined TABC as an "Agent III." The next year, Defendant Steen was

---

[1] Defendant Alan Steen has been named in each of Farquhar's complaints dating back to his original filing on November 12, 2012. The Court's records reflect Steen has never been served, and the Court therefore dismisses all claims against Steen without prejudice.

appointed as the new administrator of TABC. Farquhar alleges Steen had a plan to get rid of the agency's "old guard," including older agents such as Farquhar. In October 2010, Farquhar was accused by Defendants Debrow and Decatur of using a racial epithet in a conversation with an African American staff attorney, and Farquhar was issued a form "HR-5." Farquhar also contends he refused to falsify a government document, though it is unclear what document he refers to or how it would have been false. Farquhar next alleges he complained about the issuance of the HR-5 and his refusal to falsify documents to TABC Human Resources and Professional Responsibility personnel in November 2010. In March 2011, Farquhar was placed on a 90-day performance improvement plan (PIP).

On April 22, 2011, Farquhar filed a charge of discrimination with the EEOC, alleging race, age, and gender discrimination and retaliation. Oddly, Farquhar's charge named the Texas Workforce Commission, not TABC, and Alan Steen as his employer. Farquhar contends this filing spurred Debrow and Decatur to interrogate him as to the identity of other TABC employees with similar complaints, which Farquhar apparently had knowledge of. On May 9, 2011, Farquhar was denied a reclassification to a higher pay grade. Farquhar ultimately resigned from TABC in March 2013.

Farquhar's Second Amended Complaint [#18] alleges the following causes of action: (1) age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA); (2) retaliation for engaging in protected activity under the ADEA; (3) race and gender discrimination under Title VII of the Civil Rights Act of 1964; (4) retaliation under Title VII; (5) race, gender, and age discrimination and retaliation under Chapter 21 of the Texas Labor Code; and (6) First and Fourteenth Amendment claims under §§ 1981 and 1983. The Court previously granted a motion to

dismiss Farquhar's ADEA claims against the individual defendants, his §§ 1981 and 1983 claims against TABC, his First Amendment claim, and his Texas Labor Code claims. TABC now moves to dismiss the ADEA claim against it, and all the Defendants move for summary judgment on the remaining claims.

## Analysis

As an initial matter, the Court notes Farquhar, who is represented by counsel, has wholly failed to respond to either of the pending dispositive motions. The Court therefore GRANTS the motions as unopposed. *See* Local Rule CV-7(e)(2). In the alternative, the Court briefly addresses the merits of each motion.

### I.  Partial Motion to Dismiss

TABC has moved to dismiss Farquhar's ADEA claim against it based on Eleventh Amendment immunity. The Eleventh Amendment "bars suits in federal court by citizens of a state against their own state or a state agency or department." *Richardson v. S. Univ.*, 118 F.3d 450, 452 (5th Cir. 1997) (internal quotation marks omitted). "For Eleventh Amendment purposes, a suit against a state agency such as the TABC is a suit against the state." *Aguinaga v. Tex. Alcohol & Beverage Comm'n*, 98 F. App'x 328, 330 (5th Cir. 2004) (unpublished) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). The Supreme Court has held the ADEA is not a valid abrogation of the States' sovereign immunity. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 92 (2000). TABC is therefore immune from suit under the ADEA, and Farquhar's ADEA claim against TABC must be dismissed for lack of subject-matter jurisdiction.

## II.   Motion for Summary Judgment

### A.   Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence

supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

**B.      Application**

The remaining claims are: (1) Title VII race and gender discrimination against TABC; (2) Title VII retaliation against TABC; and (3) violations of §§ 1981 and 1983 against Debrow and Decatur individually. The Court addresses each in turn.

**i.      Title VII Discrimination Claims[2]**

To establish a prima facie case of race or gender discrimination, Farquhar must show he was: "(1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated different from others similarly situated." *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005). If Farquhar can do so, the burden shifts to TABC

---

[2] TABC argues Farquhar has failed to exhaust his administrative remedies before pursuing his Title VII claims because his EEOC charge of discrimination named the Texas Workforce Commission and Steen as his employer, not TABC. The text of the charge, however, plainly indicates Farquhar was working for TABC at the time. Defs.' Mot. Summ. J. [#42-18], Ex. 5 (EEOC Charge). In light of the Fifth Circuit's instructions to construe pro se EEOC complaints liberally based on "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination," the Court holds Farquhar's charge describing his employment at TABC is sufficient despite the incorrect name written in the employer box on the form. *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (internal quotation marks omitted).

to "articulate a legitimate, non-discriminatory reason" for its employment action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). If TABC satisfies this obligation, the burden shifts back to Farquhar to "offer sufficient evidence to create a genuine issue of material fact that either (1) the employer's reason is a pretext or (2) that the employer's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *Id.* at 412. In the discrimination context, the Fifth Circuit has held adverse employment actions are limited to "ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) (internal quotation marks omitted).

The only "ultimate employment action" Farquhar has identified is TABC's decision not to promote him to Agent V. The various steps leading up to this event, such as the issuance of the HR-5, negative performance evaluations, and the 90-day PIP, are not independently actionable. *See id.* at 559–60. The Court thus analyzes Farquhar's failure-to-promote claim under the burden-shifting framework described above. According to Farquhar's deposition testimony, his failure-to-promote claim is based solely on his gender. *See* Defs.' Mot. Summ. J. [#42-1], Ex. 1 (Farquhar Depo.), at 22–23.

Farquhar cannot establish a prima facie case of gender discrimination with respect to his failure-to-promote claim because he has produced no evidence he was treated differently than any other similarly situated employees. At most, Farquhar's deposition references unnamed female employees who Farquhar believes performed worse than he did but who received promotions. *Id.*

at 22. Farquhar admits he has never seen any employer evaluations of those women.[3] *Id.* at 23. Farquhar's subjective and unsupported belief other employees were similarly situated to him is insufficient to carry the burden of establishing the existence of any such employees. *See Aguinaga*, 98 F. App'x at 331 (holding plaintiffs failed to establish prima facie case because they "show[ed] no similarly situated employees . . . who received better treatment").

Alternatively, even if the Court were to assume these unnamed female employees were similarly situated to Farquhar, TABC has met its burden of providing a non-discriminatory reason for its decision. Specifically, the undisputed summary judgment evidence establishes Farquhar had received an unsatisfactory performance evaluation in March 2011 faulting him for low productivity among other things. Defs.' Mot. Summ. J. [#42-6], Ex. 2D. As a result, Farquhar was placed on a 90-day PIP. *Id.* [#42-7], Ex. 2E. His performance subsequently improved, and he was removed from the PIP in August 2011. *Id.* [#42-8], Ex. 2F. However, at the time Farquhar was denied his requested promotion—May 2011—his unsatisfactory performance evaluation made him ineligible for the promotion under TABC policy. *Id.* [#42-14], Ex. 3K (TABC Policy Manual); *see also id.* [#42-15], Ex. 3L (letter to Farquhar informing him his promotion request was being denied because his "most recent performance evaluation disqualified [him] from promotion at this time"). Farquhar offers no evidence to suggest this reason was a pretext or that his gender was a motivating factor in addition to his poor performance. *See Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 42 (5th Cir. 1996) (employee's subjective belief he was more qualified than non-terminated employees is insufficient to create a fact issue); *see also Gomez v. Saenz*, 237 F.3d 631, at *3 (5th Cir. 2000) (unpublished)

---

[3] As noted below, Farquhar had received a negative performance evaluation in March 2011, which had disqualified him from receiving his requested promotion. Farquhar presents no evidence any female TABC employee with a similar negative performance evaluation was nevertheless promoted in spite of TABC policy.

("We have often emphasized that an employee's own subjective belief of discrimination, no matter how genuine, cannot serve as the basis for judicial relief. This is especially true where the nondiscriminatory reason for discharge is not effectively challenged." (citations omitted)).

### ii. Title VII Retaliation Claims

To establish a prima facie case of retaliation under Title VII, Farquhar must show: "(1) that [he] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996). The same burden-shifting framework applicable to Title VII discrimination claims applies to Title VII retaliation claims. *Id.* at 304–05. The United States Supreme Court recently held Title VII retaliation claims "must be proved according to traditional principles of but-for causation," which means Farquhar must show his protected activity "was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533–34 (2013).

In his deposition, Farquhar testified he believes he was retaliated against for filing the two identical internal grievances with the Human Resources and Professional Responsibility offices at TABC. Farquhar Depo. at 105. Neither grievance says anything about race, gender, or age; they instead contest the facts leading to the issuance of the HR-5 and accuse Decatur of acting unethically and failing to provide Farquhar with a copy of a signed complaint. Defs.' Mot. Summ. J. [#42-12], Ex. 3I; *id.* [#42-17], Ex. 4A. They say nothing about falsification of government documents. *Id.* Internal complaints about violations of agency policy or even state law unrelated to any protected characteristic (e.g., race, gender, age) do not amount to protected activity under Title VII. *See, e.g., Davis v. Dall. Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011) (unpublished) (collecting

cases and recognizing the Fifth Circuit has "consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity"). Even if Farquhar's internal complaints did qualify, there is no evidence Farquhar would have been promoted "but for" his complaints. To the contrary, the undisputed summary judgment evidence shows Farquhar received an unsatisfactory performance evaluation based on low productivity, and it was that evaluation which rendered him ineligible for his requested promotion.

Although Farquhar does not allege he was retaliated against for filing his EEOC charge of discrimination, that act would ordinarily constitute protected activity. However, Farquhar listed his employer as the Texas Workforce Commission instead of the TABC. As a result, there is no evidence anyone at the TABC ever had knowledge of the EEOC charge being filed. Defs.' Mot. Summ J. [#42-9], Ex. 3 (Doty Decl.), ¶ 2. There is also no evidence Farquhar would not have been denied his promotion "but for" the filing of his EEOC charge. To the contrary, there is undisputed evidence Farquhar was ineligible to receive the promotion because of his unsatisfactory performance evaluation issued prior to the filing of the EEOC charge.

ii.     §§ 1981 and 1983 Claims

Section 1981 guarantees all persons "shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981. Although the language of the statute may suggest otherwise, "§ 1981 prohibits discrimination against whites." *Chaiffetz v. Robertson Research Holding, Ltd.*, 798 F.2d 731, 735 (5th Cir. 1986) (citing *McDonald v. Santa Fe Trails Transp. Co.*, 427 U.S. 273 (1976)). "It is well-established that § 1983 provides the exclusive remedy against state actors for violations of rights

guaranteed by § 1981." *Bates v. Univ. of Tex. Med. Branch*, 425 F. Supp. 2d 826, 849 (S.D. Tex. 2003) (citing *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989)).

"To prevail on a section 1983 claim, the plaintiff must show that: 1) the offending conduct was committed by a person acting under color of state law; and 2) the conduct deprived the plaintiff of rights secured by the Constitution or federal law." *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). Farquhar contends his constitutional rights to equal protection and due process were violated when TABC issued him the HR-5 without a written complaint and denied him access to internal grievance procedures.

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (internal quotation marks omitted). Employment discrimination claims under § 1983 "are analyzed under the evidentiary framework applicable to claims arising under Title VII." *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 311 (5th Cir. 1999). Farquhar's § 1983 claim based on his HR-5 fails for the same reasons his Title VII claims based on that form fail: the issuance of the HR-5 was not an adverse employment action, and there is no evidence to rebut TABC's legitimate, nondiscriminatory purpose for issuing the HR-5. Defs.' Mot. Summ. J. [#42-2], Ex. 2 (Decatur Decl.), ¶¶ 7–8.

Farquhar's due process claim fares no better. In order to state a Fourteenth Amendment due process claim under § 1983, Farquhar must "identify a protected life, liberty[,] or property interest and then prove that governmental action resulted in a deprivation of that interest." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal quotation marks omitted). Farquhar has made no effort to identify any protected life, liberty, or property interest here. Without such an interest, "there is

nothing subject to due process protections." *Id.* at 545 (internal quotation marks omitted). Even if Farquhar could demonstrate an interest here, there is no evidence of a constitutional violation because the undisputed summary judgment evidence shows Farquhar was informed of the allegations and given an opportunity to respond in writing prior to the issuance of the HR-5. Defs.' Mot. Summ. J. [#42-4], Ex. 2B; *see Brown v. Tex. A & M Univ.*, 804 F.2d 327, 335 (5th Cir. 1986) ("The failure of a state agency to comply with its internal regulations is insufficient as a matter of law to establish a violation of Due Process, because constitutional minima nevertheless may have been met."). Finally, and alternatively, Farquhar's § 1983 claims based on his receipt of the HR-5 on October 26, 2010 are barred by the two-year statute of limitations applicable to such an action in Texas. *See Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) (statute of limitations for § 1983 suits is "borrow[ed from] the forum state's general personal injury limitations periods"); TEX. CIV. PRAC. & REM. CODE § 16.003(a) (two-year limitations period in Texas). Farquhar filed his original complaint on November 12, 2012, more than two years after he was issued the HR-5 in question.

## Conclusion

Farquhar has not shown himself entitled to any relief in either law or equity, and all the Defendants are entitled to either dismissal or summary judgment on each of Farquhar's claims.

Accordingly,

    IT IS ORDERED that Defendant Texas Alcoholic Beverage Commission's Partial Motion to Dismiss [#40] is GRANTED;

IT IS FINALLY ORDERED that Defendants Texas Alcoholic Beverage Commission, James Debrow, and Marc Decatur's Motion for Summary Judgment [#42] is GRANTED.

SIGNED this the 13th day of June 2014.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE